REQUESTED BY: Brian C. Silverman, Scotts Bluff County Attorney, Gering, Nebraska.
1. Does LB 593, passed in the 1978 Session, authorize custody compelling a person to remain in a hospital, clinic, or alcoholic center, or otherwise?
2. Does section 83-1009, 1977 Supp., of the Mental Health Commitment Act authorize the taking into custody and holding of a person found to be intoxicated without any other facts to indicate he is a person addicted to the use of alcohol who is dangerous to himself or others under the terms of said act?
1. No.
2. No.
LB 593 is an act to eliminate drinking, being a common drunkard, etc. as elements of offenses giving rise to criminal or civil penalty or sanction. The act does authorize law enforcement officers to remove an intoxicated person, the same as an injured person, from any roadway to a hospital, clinic, alcoholic center, or medical doctor as may be necessary `to preserve life or to prevent injury.' It is clear that the act only authorizes the removal of an intoxicated person from a roadway; it is also clear that such person may then be placed in a hospital, clinic, etc., only for so long as may be necessary to preserve life or prevent injury this, of course, would be a medical question. The act further states that nothing in the act shall prevent such person from being taken into custody under the provisions of the Nebraska Mental Health Commitment Act as an alcoholic person who presents the risks enumerated in section83-1009.
Section 83-1009, 1977 Supp., provides:
 "Mentally ill dangerous person shall mean any mentally ill person or alcoholic person who presents:
 "(1) A substantial risk of serious harm to another person or persons within the near future, as manifested by evidence of recent violent acts or threats of violence or by placing others in reasonable fear of such harm; or
 "(2) A substantial risk of serious harm to himself within the near future, as manifested by evidence of recent attempts at, or threats of, suicide or serious bodily harm, or evidence of inability to provide for his basic human needs, including food, clothing, shelter, essential medical care, or personal safety."
Section 83-1009.01, 1977 Supp., provides:
 "For purposes of section 83-1009, alcoholic person shall mean a person addicted to the use of alcohol."
Sections 83-1020 and 83-1021, R.R.S. 1943, of the Nebraska Mental Health Commitment Act, only authorize a peace officer to take a person into custody under such act when the officer believes that the individual is a mentally ill, dangerous person and that the harm described by section83-1009 is likely to occur before mental health board proceedings may be invoked. The peace officer responsible for taking an individual into custody must execute a written certificate provided by the Director of Medical Services for the Department of Public Institutions which must allege that such officer believes the subject is a mentally ill, dangerous person and that the harm described by section 83-1009 is likely to occur before mental health proceedings may be invoked. If the above procedure is followed, the person must nevertheless be evaluated by a mental health professional as soon as reasonably possible but not later than thirty-six hours after admission.
From the foregoing summary, it is clear that LB 593 does not authorize the taking of an intoxicated person to a hospital, clinic, alcoholism center, or medical doctor except for so long as is necessary to preserve life or to prevent injury to such person. This taking of custody is limited to intoxicated or otherwise incapacitated persons found on a roadway. The officer would have to have reasonable grounds to believe that taking him into custody was necessary to preserve life or to prevent injury and the person in charge of the place where taken would have to have reasonable grounds to believe such continued custody was necessary before they would be authorized under the act to continue holding him.
As mentioned above, LB 593 specifically prohibits any municipality or other political subdivision from enforcing any law, resolution or rule having the force of law that includes drinking or being found in an intoxicated condition as the element of any sanction. Therefore, under this bill, no such person could be taken into custody when found in an intoxicated condition elsewhere than on a roadway. The foregoing is not to be construed to interfere with the provisions of section 25-1152, R.R.S. 1943, commonly known as the `Good Samaritan' law which shields a person rendering emergency aid from civil damages.
Under the Mental Health Commitment Act, as outlined above, an officer may not take an intoxicated person into custody absent reasonable grounds based on facts to believe that the person is addicted to the use of alcohol and that such person presents a substantial risk of serious harm to another person or persons in the near future as manifested by evidence of recent violent acts, etc., or presents a substantial risk of harm to himself within the near future as thus manifested.
The above relates only to taking into custody and holding of a person involuntarily. Voluntary procedures for treatment are, of course, available.